[941 NYS2d 241]

In the Matter of MARK T. COSTANTINO (Admitted as MARK THOMAS COSTANTINO), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 3, 2012

───────────────────────────────────

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Myron C. Martynetz* of counsel), for petitioner.

*Mark T. Costantino*, New York City, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter the Grievance Committee) served the respondent with a petition dated March 23, 2010, containing two charges of professional misconduct. A preliminary hearing was waived in accordance with an agreement of the parties. Following a hearing on March 16, 2011, which was preceded by multiple adjournments, the Special Referee issued a report, which sustained both charges. The Grievance Committee now moves to confirm the Special Referee's report and impose such discipline upon the respondent as the Court deems just and proper. The respondent cross-moves to strike the Special Referee's report, to dismiss the charges, and for the imposition of sanctions upon the Grievance Committee.

Charge one alleges that the respondent converted funds belonging to his clients, Skender Gashi, and Drini, Inc., to his own use and benefit, in violation of Code of Professional Responsibility DR 9-102 (a) and DR 1-102 (a) (4) (22 NYCRR 1200.46 [a]; 1200.3 [a] [4]).

Skender Gashi and his company, Drini, Inc., owned a restaurant located in the Holiday Inn Hotel located on Lafayette Street in Manhattan. Mr. Gashi retained the respondent to pursue an action against various entities that controlled, operated, and owned the hotel (hereinafter collectively HI Soho) to recover damages for, inter alia, breach of a written lease, fraudulent inducement, and breach of an agreement to enter into a 10-year lease. On behalf of Mr. Gashi and his company, the respondent commenced an action in the Supreme Court, New York County, against HI Soho under index No. 602922/07.

On February 14, 2008, Mr. Gashi and the respondent entered into a retainer agreement regarding the action. That agreement recited that Mr. Gashi paid the respondent the sum of $10,000 as a retainer fee to either settle the action to Mr. Gashi's satis-

faction or litigate it to completion by means of a jury trial, that in the event the lawsuit was settled and/or won after trial, the respondent was to receive 20% of the net recovery, less the $10,000 retainer, and that Mr. Gashi would pay other various costs.

On or about January 9, 2009, Mr. Gashi agreed to settle the action against HI Soho for the total sum of $30,000, and signed a release for that amount as president of Drini, Inc., on January 28, 2009. Without informing Mr. Gashi, and without obtaining his consent, on or about January 9, 2009, the respondent had directed the attorney representing HI Soho to issue the settlement check in the respondent's name only.

On or about February 4, 2009, the respondent deposited the $30,000 settlement check into his own personal account, and thereafter used the settlement money for his own use and benefit. The respondent refused to return the $30,000 settlement proceeds to Mr. Gashi, despite due demand from Mr. Gashi.

Charge two alleges that the respondent intentionally deceived his client, Skender Gashi, in violation of Code of Professional Responsibility DR 1-102 (a) (4) and (7) (22 NYCRR 1200.3 [a] [4], [7]).

Based on the evidence adduced and the respondent's admissions, the Special Referee properly sustained the charges. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted, and the respondent's cross motion is denied. There is no merit to the respondent's arguments that the charges should be dismissed due to the fact that no criminal charges were brought against him, that Mr. Gashi allegedly owed him unpaid legal fees incurred in connection with unrelated matters, and that he was entitled to retain the $30,000 in settlement proceeds in satisfaction of Mr. Gashi's allegedly preexisting debt.

The respondent has a prior disciplinary history consisting of a five-year suspension from the practice of law based upon 13 charges of professional misconduct, including, inter alia, facilitating the conversion of funds, issuing 28 personal checks in a seven-month period knowing that there were insufficient funds to cover the checks, neglecting multiple client matters, neglecting to make a settlement payment for more than six months, and giving a client a fictitious telephone number and address where he could be reached, while the client remained incarcerated on pending criminal charges (*see Matter of Costantino*, 99 AD2d 353 [1984]). He was reinstated on May 3, 1990.

Thereafter, on May 18, 2006, he was admonished by the Appellate Division, First Department, for neglect.

In determining the appropriate measure of discipline to impose, we find the respondent's lack of remorse to be an aggravating factor. The respondent utterly fails to appreciate the wrongful and deceitful nature of his conduct. As an attorney, the respondent was fully aware of the legal avenues available to him with regard to any alleged claim for unpaid fees, but he consciously chose none of them and, instead, resorted to self-help and trickery against his client. The respondent admitted that he never intended to abide by the retainer agreement which he personally prepared, and only signed the agreement in an attempt to "get rid" of Mr. Gashi. The respondent acknowledged that, when he obtained Mr. Gashi's consent to the $30,000 settlement, the respondent knew that Mr. Gashi anticipated receipt of the $30,000. Even though the respondent obtained Mr. Gashi's consent to the settlement, the respondent never intended for Mr. Gashi or Drini, Inc., to receive the settlement proceeds. Restitution has not been made, since the respondent adamantly contends, to this day, that he was and is within his rights to retain the settlement proceeds. The respondent's request to adjourn the hearing for health reasons was merely a tactic to delay the proceedings, which had previously been rescheduled several times to accommodate the respondent.

Under the totality of the circumstances, effective immediately, the respondent is disbarred for his professional misconduct.

RIVERA, J.P., SKELOS, DILLON, ANGIOLILLO and AUSTIN, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted, and the respondent's cross motion to strike the Special Referee's report, to dismiss the charges, and for the imposition of sanctions upon the Grievance Committee, is denied; and it is further,

Ordered that, effective immediately, the respondent, Mark T. Costantino, admitted as Mark Thomas Costantino, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Mark T. Costantino, admitted as Mark Thomas Costantino, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Mark T. Costantino, admitted as

Mark Thomas Costantino, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Mark T. Costantino, admitted as Mark Thomas Costantino, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).